IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERARDO ROSENDO VARGAS, JR.,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-1748** |
| : | |
| **JUDGE JILL M. SCHEIDT,** *et al.*, : | |
| **Defendants.** : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                          **MAY 7, 2025**

Plaintiff Gerardo Rosendo Vargas, Jr., initiated this *pro se* civil action alleging his rights were violated in a state child dependency matter in the Berks County Court of Common Pleas. Named as Defendants are Judge Jill M. Scheidt and Berks County. Vargas seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Vargas leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

The allegations in Vargas's Complaint are brief. Vargas was a party in a dependency and termination of parental rights matter in the Berks County Court of Common Pleas. (Compl. at 2.) He claims Judge Scheidt presides in the Court of Common Pleas of Berks County and Berks County "is responsible for establishing and enforcing policies and customs within its courts, including those involving parental rights and due process protections." (*Id.*)

Vargas alleges he repeatedly requested court-appointed counsel in the custody case and stated he would not represent himself. (*Id.*) According to Vargas, Judge Scheidt refused to appoint

---

[1] The allegations set forth in the Memorandum are taken from Vargas's Complaint (ECF No. 1). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

counsel or delay the proceedings and forced Vargas "to proceed pro se in a matter that involved the permanent loss of parental rights." (*Id.*) He contends that, due to Judge Scheidt's actions, his due process rights under the Fourteenth Amendment were violated because he was unrepresented in a critical phase of the proceedings. (*Id.* at 2-3.) Vargas further claims Berks County is liable for maintaining customs and policies, and for failing to train its personnel in a way that caused the constitutional violation. (*Id.* at 3.) Vargas seeks declaratory relief, monetary damages, and custody of his son. (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Vargas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense when the defense "is apparent on the face of the complaint." *Wisniewski v.*

*Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Because Vargas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

Vargas asserts that Defendants violated his Fourteenth Amendment due process rights in the state court custody matter. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See id.* at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

The Complaint fails to allege plausible constitutional claims. Vargas's claims against Judge Scheidt cannot proceed because "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial."  *Gallas*, 211 F.3d at 769 (citations omitted); *see also Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity.").  A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'"  *Azubuko*, 443 F.3d at 303 (quoting *Stump*, 435 U.S. at 356-57).  "Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Vargas's allegations against Judge Scheidt arise from judicial determinations made during a child custody matter in the Berks County Court of Common Pleas.  Vargas has not alleged any facts that would show that Judge Scheidt acted in the absence of jurisdiction.  *See, e.g., Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (finding judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*).  Accordingly, Vargas's claims against Judge Scheidt will be dismissed with prejudice.[2]

---

[2] Although "absolute judicial immunity extends only to claims for damages," *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Nothing in Vargas's Complaint suggested that Judge Scheidt's actions in the custody matter were performed in an enforcement capacity.  *See Azubuko*, 443 F.3d at 303-04; *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017) (a § 1983 action for declaratory or injunctive

Vargas's claim against Berks County also is not plausible. His claim against Berks County is based on the mistaken belief that the County is responsible for the events that took place in his Pennsylvania state court proceedings or the training of judges. It is not. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 672-74 (3d Cir. 2000) (explaining that judges of the Pennsylvania Court of Common Pleas are part of the unified judicial system subject to the control of the Pennsylvania Supreme Court); *Andresen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *6 (M.D. Pa. Dec. 16, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, .2021 WL 1174497 (M.D. Pa. Mar. 29, 2021) ("[I]ndividual counties cannot be held liable for the actions of state court judges, who are part of the unified state court system."). "Simply put, one cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." *Andresen*, 2020 WL 9048845, at *6; *see also Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment."). Thus, Vargas's claims against Berks County will be dismissed.[3] Moreover, to the extent Vargas intended to bring a claim for

---

relief cannot be brought against a judge who acts in an adjudicatory capacity but is a proper defendant if she acts as an enforcer or administrator of a statute).

[3] Even if Berks County was an appropriate defendant for Vargas's claims relating to events that occurred during the child dependency proceedings, his claims are not plausible. Municipal liability cannot be predicated on a *respondeat superior* basis. *Monell*, 463 U.S. at 691. Rather, "under § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). A county may only be sued under § 1983 where its own policies or

5

money damages against the Berks County Court of Common Pleas, that claim would also not be plausible. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Berks County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).

---

customs cause constitutional injury. *Monell*, 436 U.S. at 694. Vargas's claims are wholly conclusory. He contends that "Berks County is liable under *Monell* for maintaining customs, policies, and/or failing to train its personnel in a way that caused the constitutional violation." (Compl. at 3.) Bald allegations of the existence of a policy are not enough to establish the county's liability; there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 386 (1989).

Additionally, it bears noting that this Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)). Child custody proceedings "are a strong candidate for *Younger* abstention." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 626-28 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*); *see also Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (*per curiam*) (affirming application of *Younger* abstention doctrine in child custody context); *Smith v. Harrison*, No. 21-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022) (abstaining under *Younger* from intervening in ongoing child custody proceedings). Even if Vargas had pled a nonconclusory claim against an appropriate defendant, his claims are based on alleged constitutional violations that occurred during the state custody proceedings and a *Younger* abstention analysis would likely require that any claims for money damages be stayed pending resolution of the state dependency proceedings. *See Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023) ("[I]f a suit with a claim for damages also seeks injunctive or declaratory relief, a federal court has discretion not only to stay the damages claim but also to dismiss any claims for injunctive and declaratory relief outright or to stay them, potentially alongside the stayed claim for damages.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Vargas leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**
